IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VITO DRAGONE, JR. and<br>EDWARD J. KEARNS,<br><br>Designated Trustees of the<br>Southwestern Pennsylvania and<br>Western Maryland Area<br>Teamsters & Employers<br>Pension Fund,<br><br>Plaintiffs,<br><br>v.<br><br>DIAMOND TECHNOLOGICAL<br>GROUP, INC. doing business as<br>SOMERSET PLASTICS,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. |

## COMPLAINT

AND NOW, COMES Vito Dragone, Jr. and Edward J. Kearns, the duly designated Trustees of the Southwestern Pennsylvania and Western Maryland Area Teamsters & Employers Pension Fund, ("Pension Fund"), by and through their attorneys, Wick, Streiff, Meyer, O'Boyle & Szeligo, P.C., and file this Complaint against Diamond Technological Group, Inc. doing business as Somerset Plastics, and aver the following:

1. This action is brought to collect a withdrawal liability assessment and additional damages arising under the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §185 et seq., and under the Employment Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §1132 and 1145, and as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. §1381 et seq.

2. This Court has original jurisdiction over this action pursuant to Section 4301(c) of ERISA, 29 U.S.C. §1451(c), and the relief sought is specifically authorized under Sections 502, 515 and 4219(c)(2) of ERISA, 29 U.S.C. §§1132, 1145 and 1399(c)(2).

3. The Pension Fund is administered in Uniontown, Pennsylvania and, pursuant to Section 4301(d) of ERISA, 29 U.S.C. §1451(d), the proper venue for this action is with the United States District Court for the Western District of Pennsylvania.

4. Vito Dragone, Jr. and Edward J. Kearns ("Plaintiffs") are the duly designated Chairman Trustee and Secretary and Treasurer Trustee, respectively, of the Pension Fund, which is a multiemployer employee benefit trust fund within the meaning of Sections 3 (37), (2), (3) and 4001(a) (3) of ERISA, 29 U.S.C. §§1002 (37), (2), (3) and 1301 (a) (3). Plaintiffs are duly authorized to pursue this action on behalf of the Pension Fund, which has its registered office and principal place of business located at 112 Morgantown Street, Uniontown, Pennsylvania 15401.

5. The Pension Fund was established in or about 1955 pursuant to Section 302 of the Labor Management Relations Act, 29 U.S.C. §414, for the purpose of providing retirement benefits for eligible employee participants and their beneficiaries as provided under the terms of collective bargaining agreements between employers, such as Defendant, and certain Teamsters Local Unions affiliated with the International Brotherhood of Teamsters.

6. Defendant Diamond Technological Group, Inc. ("Defendant") is a Pennsylvania corporation, which was incorporated on or about June 24, 2010 and, based upon information and belief, Defendant has a registered office and principal place of business located at 1012 South Center Avenue, Somerset, Pennsylvania 15501. On or about September 7, 2010, Defendant registered with the Pennsylvania Corporation Bureau to do business in Pennsylvania under the

2

fictitious name of Somerset Plastics.

7. At all times relevant hereto, Defendant was an "employer" within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and Defendant was engaged in commerce and in an industry or activity affecting commerce within the meaning of Sections 3(11) and (12) of ERISA, 29 U.S.C. §§1002 (11) and (12).

8. Defendant entered into certain collective bargaining agreements with Teamsters, Chauffers, Warehousemen and Helpers Local Union No. 453 of Cumberland Maryland ("Local 453") whereby Defendant agreed to be and was a participating employer in the Pension Fund and, as required by the said collective bargaining agreements, or as a result of duties under applicable labor-management relations law, Defendant was obligated to and did make contributions to the Pension Fund on behalf of its eligible employees until on or about the time that Defendant withdrew from the Pension Fund.

9. Defendant signed a Participation Agreement with the Pension Fund, which was effective in or about September, 2010, whereby Defendant agreed to accept and be bound by the terms and provisions of the Pension Fund's Trust Agreement, and the Pension Fund signed the Participation Agreement and accepted Defendant as a participating employer in the Pension Fund.

10. On or about January 1, 2018, Defendant's collective bargaining agreement with Local 453 expired and was not renewed. As a result, none of the operations conducted by Defendant on and after that date are covered by the Pension Fund's Pension Plan ("Covered Operations"), and there was a permanent cessation of Defendant's obligation to contribute to the Pension Fund.

11. As a result of the termination of Defendant's obligation to contribute to the Pension Fund, the Pension Fund, consistent with the provisions of MPPAA, determined that Defendant had completely withdrawn from the Pension Fund as of January 1, 2018, and that Defendant owed the Pension Fund withdrawal liability.

12. Pursuant to Section 4912(b)(1) of ERISA, 29 U.S.C. §1399(b)(1), the Pension Fund assessed withdrawal liability against Defendant and sent to Defendant a certified letter, return receipt requested, dated April 11, 2018 and entitled "Notice of Withdrawal and Demand for Payment of Withdrawal Liability" ("Demand Letter"). The Demand Letter advised Defendant that the Pension Fund had determined that a complete withdrawal by the Defendant from the Pension Fund had occurred and that Defendant had been assessed withdrawal liability which it owed to the Pension Fund.

13. In the Demand Letter, the Pension Fund demanded that Defendant pay the withdrawal liability in an annual amount of $21,920.30, with monthly installments in the amount of $1,826.69. The Demand Letter indicated that the withdrawal liability assessment consisted of 240 monthly installments, and that the amount owed for each monthly payment was $1,826.69.

14. One of the documents enclosed with the Demand Letter was a Payment Schedule setting forth the number (240) and the amount ($1,826.69) of the monthly payments, and a copy of that Payment Schedule is attached hereto as Exhibit "A".

15. As set forth in the Demand Letter and pursuant to Section 4219(c)(2) of ERISA, 29 U.S.C. §1399 (c)(2), Defendant was obligated to make the first monthly installment of withdrawal liability in the amount of $1,826.69 on May 15, 2018.

16. The Pension Fund issued monthly invoices to Defendant for the monthly withdrawal

liability payment on or about May 1, 2018, June 1, 2018, July 1, 2018, August 1, 2018, September 1, 2018, October 1, 2018 and November 1, 2018. As of this date, Defendant has failed to make any of the required monthly payments for the withdrawal liability that it owes to the Pension Fund.

17. The Demand Letter stated that, if each payment of withdrawal liability was not made when due, and if any such payment was not made within sixty (60) days after receipt of written notice from the Pension Fund of such delinquency, immediate payment of the remaining balance of the withdrawal liability obligation, plus any accrued interest, would be due.

18. The Demand Letter advised Defendant that, if a delinquency occurred in making the monthly withdrawal liability payments, Defendant would also be liable to the Pension Fund, pursuant to Sections 502(g)(2), 515, and 4301 of ERISA, 29 U.S.C. §§1132(g)(2), 1145, and 1451, for additional sums including, but not limited to, liquidated damages equal to twenty (20%) percent of the amount of the withdrawal liability due, interest, costs and attorneys' fees.

19. The Demand Letter advised Defendant that, if there was any dispute regarding the determination of the withdrawal liability or the schedule of the demanded payments, Defendant must comply with the Pension Fund's review procedures, and a copy of the review procedures was enclosed with the Demand Letter. The Demand Letter gave notice that any Request for Review of the withdrawal liability determination, which is submitted under Section 4219 (b)(2)(A), 29 U.S.C. §1399(b)(2)(A), must be received by the Pension Fund within ninety (90) days from Defendant's receipt of the Demand Letter.

20. The Demand Letter stated that, notwithstanding possible initiation of the Pension Fund's review process for the withdrawal liability assessment, Defendant was still required to

make interim, monthly withdrawal liability payments and that any failure to do so would constitute a default and result in the assessment of additional fees and costs, as set forth in the Demand Letter.

21. The Demand Letter specifically stated that the Pension Fund assessed withdrawal liability against Defendant and gave notice of the withdrawal liability to each and every trade or business under common control with Defendant, as defined by Section 4001(b) of ERISA, 29 U.S.C. §1301 (b)(1). The Demand Letter stated that all members of Defendant's controlled group are jointly and severally responsible for Defendant's withdrawal liability.

22. The Demand Letter was delivered to Defendant on April 16, 2018, and the certified receipt for the Demand Letter was signed by a representative of Defendant on that date.

23. By letter dated July 10, 2018, Defendant filed with the Pension Fund a timely Request for Review and set forth Defendant's objections to the withdrawal liability assessment that the Pension Fund had issued to Defendant.

24. By letter dated July 30, 2018, counsel for the Pension Fund advised Defendant that Defendant's Request for Review had been denied by the Trustees of the Pension Fund and set forth the basis for the Trustees' decision. The letter also informed Defendant that, pursuant to ERISA 4221(a)(1)(A), 29 U.S.C. §1401(a)(1)(A), the letter triggered the applicable deadlines providing for the initiation of arbitration regarding the withdrawal liability assessment issued to Defendant.

25. The 60 day time period for Defendant to file for or demand arbitration of any issue involving its withdrawal liability assessment expired on or about September 30, 2018.

26. Defendant and/or any member of Defendant's controlled group has failed to request

arbitration of any issue involved with the withdrawal liability assessment and, pursuant to Section 4221(b)(1) of ERISA, 29 U.S.C. §1401(b)(1), the withdrawal liability of Defendant has become fixed and established as assessed by the Pension Fund.

27. Defendant and/or any member of Defendant's controlled group has failed to make any monthly withdrawal liability payments as invoiced by the Pension Fund for the months of May, June, July, September, October and November, 2018.

28. Pursuant to Section 4219 (c)(5) of ERISA, 29 U.S.C. §1399 (c)(5), by letter dated May 23, 2018 ("Delinquency Letter"), the Pension Fund notified Defendant that Defendant was delinquent in the payment of the required withdrawal liability monthly payments and requested that Defendant remit all withdrawal liability payments which were outstanding.

29. The Delinquency Letter advised that, in the event that Defendant's account was not brought up to date and the delinquency cured within sixty (60) days, Defendant's delinquency would be brought before the Pension Fund's Trustees, and Defendant may be liable for additional damages, such as interest, liquidated damages, attorneys' fees and court costs, as authorized by Section 502(g)(2) of ERISA.

30. To date, Defendant and/or any member of Defendant's controlled group has not paid to the Pension Fund any of the monthly withdrawal liability payments set forth on the Payment Schedule, and Defendant has failed to cure its delinquency, which delinquency is, at this time, in the amount of $10,960.14. In addition, there is a substantial likelihood that, since Defendant has represented to the Pension Fund's representative that Defendant has liabilities which are past due and that Defendant does not have the financial assets to make the monthly withdrawal liability payments, Defendant will be unable to pay its withdrawal liability assessment. Consequently, in

accord with Section 4219(c)(5), 29 U.S.C. §1399 (c)(5), Defendant is in default, the monthly withdrawal liability set forth in the Payment Schedule is accelerated, and the entire amount of Defendant's assessed withdrawal liability in the amount of $438,405.60 is due and owing to the Pension Fund.

31. Under the rules adopted by the Pension Fund, interest accrues on delinquent withdrawal liability payments at the rate of one and one-half (1½%) percent per month.

32. Pursuant to the Pension Fund's Trust Agreement and the rules adopted by the Pension Fund, and as authorized by Sections 502 (g)(2), 515 and 4301 of ERISA, 29 U.S.C. §§1132 (g)(2), 1145 and 1451, Defendant is liable to the Pension Fund for the following: (a) the payment of interest at the rate of 1½% per month on the delinquent withdrawal liability of $438,405.60 from the due date of the first payment which was not timely made, which first payment was due May 15, 2018, and (b) liquidated damages equal to ten (10%) percent of the withdrawal liability. In addition, the Pension Fund is entitled to receive payment for its reasonable attorneys' fees and court costs incurred in this action.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment against Defendant Diamond Technological Group, Inc. doing business as Somerset Plastics and in favor of the Plaintiffs for the following:

    A. The entire assessed withdrawal liability of $438,405.60;

    B. Interest at the rate of 1½ % per month on Defendant's delinquent withdrawal liability obligation and calculated from May 15, 2018;

    C. Liquidated damages equal to ten (10%) percent of Defendant's withdrawal liability obligation, which liquidated damages amount to $43,840.56;

D.  Reasonable attorneys' fees;

E.  Court costs incurred by Plaintiffs in connection with this action; and

F.  Such other relief as this Honorable Court deems just and appropriate.

WICK, STREIFF, MEYER,
O'BOYLE & SZELIGO, P.C.

/s/ David M. O'Boyle
Vincent P. Szeligo
PA ID No. 28967
Email: vszeligo@wsmoslaw.com
David M. O'Boyle
PA ID No. 23948
Email: doboyle@wsmoslaw.com
1450 Two Chatham Center
112 Washington Place
Pittsburgh, PA 15219-3455
Phone: 412-765-1600
   Attorneys for Plaintiffs
